IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN<br>216 F St., #131<br>Davis, CA 95616<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES FOREST SERVICE<br>1400 Independence Ave SW<br>Washington, D.C. 20250<br><br>       Defendant. | Case No: 22-cv-1474 |

## COMPLAINT

### I.   INTRODUCTION

1. Plaintiff American Wild Horse Campaign ("AWHC") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Forest Service (hereinafter "USFS") in failing to provide AWHC with all non-exempt records responsive to its April 15, 2020, FOIA request to this federal agency, seeking copies of records of Government Bills of Lading (GBLs) of wild horses shipped out of the Double Devil's Wild Horse Corrals in Alturas, California, from December 1, 2019, to the date of the FOIA request.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, American Wild Horse Campaign, is a non-profit organization that, at all times relevant herein, has been headquartered in Davis, California.

5. Defendant United States Forest Service is federal agency of the United States, and sub-component of the United States Department of Agriculture, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.   5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13. On or about April 15, 2020, American Wild Horse Campaign (AWHC) sent a FOIA request to the United States Forest Service (USFS), seeking copies of records of Government Bills of Lading (GBLs) of wild horses shipped out of the Double Devil's Wild Horse Corrals in Alturas, California, from December 1, 2020, to the date of this FOIA request.

14. On or about April 15, 2020, USFS emailed AWHC inquiring as to whether the records AWHC is seeking are located in the Modoc National Forest.

15. On or about April 15, 2020, AWHC emailed USFS confirming that the records it is requesting are located in the Modoc National Forest.

16. On or about May 26, 2020, AWHC emailed USFS indicating that it had not received an acknowledgment letter to its April 15, 2020, FOIA request and requested the status of this request.

17. On or about May 27, 2020, USFS emailed AWHC clarifying if the request was intended to be for the period of December 2019 through April 15, 2020.  USFS indicated that since AWHC had sent a similar request on March 5, 2020, the two requests were being consolidated and is being processed under the same tracking number, 2020-FS-R5-02941-F.

18. On or about May 27, 2020, AWHC emailed USFS acknowledging the consolidation of its March 5, 2020, and April 15, 2020, FOIA requests.

19. On or about July 9, 2020, AWHC emailed USFS requesting the status and an estimated date of completion for its April 15, 2020, FOIA request.

20. On or about July 10, 2020, USFS emailed AWHC indicating that it hoped to complete the processing of Plaintiff's FOIA request by the end of the month.

21. On or about August 6, 2020, AWHC emailed USFS requesting an estimated date of completion and when it could expect receipt of the requested records.

22. On or about August 7, 2020, USFS emailed AWHC indicating that it had completed reviewing the records for AWHC's request and that AWHC would receive its response later that day or early next week.

23. On or about August 12, 2020, USFS emailed AWHC with a final decision releasing 75 pages of records in their entirety and releasing 342 pages with some information redacted.

24. On or about November 9, 2020, AWHC appealed USFS August 12, 2020, final decision to its parent agency the United States Department of Agriculture (USDA).

25. On or about November 12, 2020, USDA sent an email to AWHC indicating that it had received AWHC's November 9, 2020, administrative appeal and assigned it tracking number 2021-FS-WO-00015-A.

26. On or about December 17, 2020, AWHC sent an email to USDA requesting an estimated date by when it could receive a final decision to its administrative appeal.

27. On or about December 18, 2020, USDA emailed AWHC indicating that it

could not provide an estimated date of completion for AWHC's FOIA appeal.

28. On or about January 29, 2021, AWHC emailed USDA requesting the status of its administrative appeal as well as asking for an estimated completion date.

29. On or about February 1, 2021, AWHC received an email from USDA indicating that it was processing the appeal but that it did not have an estimated date on when the FOIA appeal would be complete.

30. On or about April 12, 2021, AWHC emailed USDA again requesting the status of its administrative appeal as well as asking for an estimated completion date.

31. On or about April 26, 2021, USDA representative emailed AWHC stating that USDA was still processing the appeal and did not have an estimated date of completion.

32. As of the date of the filing of this action, Plaintiff AWHC has not received a final answer to its an administrative appeal nor all of the records which it requested in its April 15, 2020, FOIA request to the USFS.

## VII. CLAIMS FOR RELIEF

33. AWHC realleges, as if fully set forth herein, paragraphs 1-32 previously set forth herein.

34. Defendant USFS has violated FOIA by failing to provide AWHC with all non-exempt responsive records for its April 15, 2020, FOIA request.

35. By failing to provide AWHC with all non-exempt responsive record to its

April 15, 2020, FOIA request as described in paragraph 13 above, Defendant USFS has denied AWHC's right to this information as provided by the Freedom of Information Act.

36. Defendant USFS has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's April 15, 2020, FOIA request.

37. By failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's April 15, 2020, FOIA request, Defendant USFS has denied AWHC's right to this information as provided by law under the Freedom of Information Act.

38.   Unless enjoined by this Court, Defendant USFS will continue to violate AWHC's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

39.   AWHC is directly and adversely affected and aggrieved by Defendant USFS's failure to provide responsive records to its FOIA request described above.

37.   AWHC has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

38.   AWHC is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for

AWHC, providing the following relief:

1.   Declare Defendant USFS has violated FOIA by failing to provide AWHC with all non-exempt records responsive to its April 15, 2020, FOIA request.

2. Declare Defendant USFS has violated FOIA by failing to complete an adequate search for records responsive to AWHC's April 15, 2020, FOIA request.

3. Direct by injunction that Defendant USFS perform an adequate search for records responsive to its April 15, 2020, FOIA request and provide AWHC with all non-exempt responsive records to AWHC's April 15, 2020, FOIA request.

4.   Grant AWHC's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.   Provide such other relief as the Court deems just and proper.

DATED: This 25th day of May 2022.

Respectfully submitted,

/s/ Sean T. Malone
Sean T. Malone (OR0010)
Attorney at Law
259 E. 5th Ave, Ste 200-C
Eugene OR 97401
(303) 859-0403
seanmalone8@hotmail.com
**Attorney for Plaintiff**